(February 26, 1892.)

## FAHEY ET AL. v. BELCHER.

### [29 Pac. 112.]

PERFECTING APPEAL—DISMISSAL OF APPEAL—MOTION TO REINSTATE. 1. Appeal perfected September 14, 1891. Transcript not filed within sixty days after appeal was perfected, as required by paragraph 7, rule 4 of this court. Motion was made by respondent under rule 2 of this court to dismiss the appeal. Appeal dismissed January 12, 1892.

SAME—RESTORING APPEAL.—2. Under rule 2, appellants, on January 25, 1892, move to restore cause on affidavit, showing that transcript was placed in hands of attorneys for appellants in October, 1891.

SAME—SHOWING CAUSE.—3. On account of pressure of business and inadvertence they failed to file the same in time. *Held,* showing not sufficient; motion denied.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Hawley & Reeves, for Appellants.

R. P. Quarles, for Respondent.

SULLIVAN, C. J.—This appeal was dismissed upon the application of the respondent, under rule 4 of this court, January 12, 1892. Said rule declares that a cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party. The appellants made their motion to replace this cause on the calendar. As the transcript does not contain the notice of appeal, we are not informed whether this is an appeal from the judgment only or not; however, the certificate of the clerk shows that no bill of exceptions or statement has been settled. This fact, together with the transcript presented, would indicate that the appeal is from the judgment, and to be heard on the judgment-roll. The judgment was rendered by the court below on the twenty-ninth day of May, 1891, and this appeal perfected on the fourteenth day of September, 1891. The affidavit shows that the transcript was prepared and placed in the hands of appellants' attorneys in October, 1891; and that, through inadvertence and pressure of business, they neglected to file the same in this court. The transcript was in the hands of the attorneys some three months before the opening of this term, and no effort was made to have the same filed until long after the opening of this term. We are of the opinion that no good cause has been shown for replacing this cause on the calendar. The motion is denied.

Huston and Morgan, JJ., concur.